Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 5986.   Sept. 25, 1945.]

ROBERT C. FARRAR, JR., Respondent, v. ARTHUR FRY et al., Appellants..

Morris Lavine for Appellants.

Frederick H. Clapp for Respondent.

THE COURT.—The principal legal questions here presented for our determination are:

(1) Where telephone service is furnished a tenant of an apartment house through a centrally maintained switchboard, a charge being made the tenant for outgoing but none for incoming calls, is this one of "the same essential services" which the landlord must continue to provide after the effective maximum rent date, under the federal Rent Regulation for Housing (8 Federal Register 7322, issued pursuant to the Emergency Price Control Act of 1942, Pub. L. No. 421, 77th Cong., 2d Sess., ch. 26; 56 Stats. 29)?

(2) Whether an increased federal excise tax on telephone service, chargeable to the landlord subsequent to the effective date of the rent regulation, may be passed on to the tenant without violating the maximum price regulation freezing rents.

The plaintiff brought this action under section 205(e) of the Emergency Price Control Act of 1942 (56 Stats. 23, 50 U.S.C.A.App. § 901 et seq.; amended as to § 925 in 1944) to recover $50, plus reasonable attorney's fees, on the theory that, by passing on all of the new federal excise tax on telephone service to the plaintiff tenant, thus charging him 12 cents for an outgoing telephone call instead of the former rate of 10 cents, the maximum rental chargeable to him was increased and the Rent Regulation for Housing was thereby violated.

From the court's findings it appears that the plaintiff has been a tenant in the defendant's apartment house since about January 1, 1942, such building being located within the Los Angeles defense-rental area. During the period of plaintiff's tenancy the defendants have furnished him telephone service from a central switchboard, as one of the services provided with the accommodations secured to plaintiff by his tenancy. Prior to January, 1943, the defendants charged plaintiff 10 cents for each outgoing "local call" placed for him through the switchboard, but thereafter increased such charge to 12 cents per call, which plaintiff paid to defendants. Upon these

facts the trial court entered a judgment awarding plaintiff $50, attorney's fees of $150, and costs. From such judgment this appeal follows.

■ With reference to the first enumerated question, section 3 of the Rent Regulation for Housing provides that the landlord "shall, as a minimum, provide with housing accommodations the same essential services, furniture, furnishings, and equipment as those provided on the date determining the maximum rent." Certain exceptions there noted are not material to the issues here presented. The "services" referred to in section 3 are defined in section 13(7) of the same regulation, and include the furnishing of *telephone,* as well as light, heat, water, etc. It is, therefore, clear that the defendants herein are obligated, under the rent regulation, to continue to provide such telephone service to plaintiff as they were furnishing the occupant of plaintiff's apartment on the date determining the maximum rent.

■ The answer to the second question is to be determined by the facts in each particular case. In the matter of local calls, it is a common practice for the hotel or apartment house operator to charge the tenant a flat rate of 5 cents or 10 cents per outgoing call without regard to the actual cost of such call to the operator. Such a system makes no effort to reflect any formula whereby the tenant is advised as to what portion of the sum he pays is represented by the telephone company's charge to the landlord, what part, if any, is tax and what part represents a service charge to be retained by the landlord. Where such a flat rate method was in use on the maximum rent date, the landlord is prevented by the rent regulation from passing on to the tenant the federal excise tax on telephone service in question, and any such additional charge constitutes an increase in the maxmium rent for which redress could be sought and obtained as was done in this case.

■ Where, however, the system in effect on the maximum rent date as to telephone service was based on a formula which produced payments by the tenant in varying amounts, depending upon the telephone company's charge, any tax and the service charge added by the hotel or apartment house operator, and proof is presented of the communication to the tenants and a reasonable understanding by them of the existence and method of computation of such formula, no violation of the regulation is committed by adding such excise tax to the charge made to the tenant.

In order to prove that he had been overcharged, it was, of course, essential for plaintiff to establish the maximum charge that could legally be made. His complaint foreshadowed the method by which he intended to do this in its allegations, which the trial court found to be true, that he had lived in one of defendants' apartments since January 1, 1942, and that up until November of that year for the telephone service furnished him he was charged nothing for incoming calls, but for each outgoing call he was charged five cents plus whatever sum the telephone company charged the defendants, including an excise tax in the case of long distance calls amounting to more than fifty cents. The evidence, however, fails to support the finding of plaintiff's tenancy since January 1, 1942, but on the contrary clearly establishes the commencement thereof as of June, 1942. Plaintiff had, at separate times, occupied two apartments in the apartment house here in question, but no evidence was offered as to the rental schedule in effect therefor on any date prior to the commencement of his tenancy in June, 1942, nor as to what "essential services" were, prior to that time, furnished in return for such rental charge.

The date determining the maximum rent here, according to section 4 and schedule A of the regulation, is March 1, 1942, if the apartment in question was then rented; but if it was not then rented, the maximum rent is the last rent during the two months ending on that date, or if not rented in that period, the first rent received thereafter. No evidence was offered of any rental of this apartment at any time prior to the commencement of plaintiff's tenancy in June, 1942; but on the other hand no showing that it was not rented on or before March 1, 1942, appears, the evidence being silent on the subject. In view of the wording of the regulation, which establishes as the maximum rent a rent received on any other date than March 1, 1942, only on condition that the premises in question were not rented on that date, it is a part of plaintiff's burden of proof to show that the premises were not then rented, if he relies on the rent at any other date as the maximum. This he has not done, nor has he shown what was the rent on March 1st. His proof of the maximum rent therefore fails.

On a new trial it may be that such evidence will be furnished together with evidence disclosing that the maximum legal charge for the telephone service for outgoing calls was

made up as follows: 5 cents for each call plus the charge made by the telephone company to the defendants for each call. Up to November, 1942, the evidence revealed, the charge made by the telephone company for each call had included, in the case of long distance calls amounting to more than fifty cents, a federal tax of 10 cents or more, as required by section 3465 of the Internal Revenue Code as published in 26 U.S.C.A. ch. 30, p. 206. No tax was added to the local calls, for none was imposed, but it is apparent that had a tax been collected it would have been added, for the basis of the charges was 5 cents to the house plus the amount collected from the house by the telephone company, for each call. Whatever charge was made to the house for the use of the switchboard, if any, did not appear in the charge made to the plaintiff; it was doubtless covered in the general charge of 5 cents collected by the house.

Section 3465 of the Internal Revenue Code was amended, effective November 1, 1942 (1944 Cumulative Annual Pocket Part, p. 276), whereby a tax was levied of 10 per cent upon "the amount paid by subscribers for local telephone service and for any other telephone service" not taxed by other parts of the section. The incidence of such tax is upon the charge made to defendants by the telephone company for the use of a switchboard, as well as upon the charge for the telephone line and the calls made. Ten per cent of the telephone company's 5-cent charge for local calls was a tax directly imposed upon such calls which would amount to one-half cent for each call. Upon this basis defendants would be justified in charging plaintiff such extra one-half cent for each local outgoing call made by him after November 1, 1942.

The evidence shows that the additional one and one-half cents of the 2 cent added charge for each outgoing local call was the tax levied upon the switchboard service maintained by defendants. This tax cannot be passed on to the plaintiff tenant by the defendants herein, as the formula, by which the amount to be charged the plaintiff for any call was to be determined, did not include any added cost to defendants in maintaining or operating their switchboard. This would be true whether such increased cost to defendants was caused by a higher rate charge imposed by the telephone company for the use of such equipment, an excise tax thereon by the government, or a salary raise for the defendant's telephone operator.

The judgment is reversed and the cause is remanded for a new trial, appellants to recover their costs of appeal. The appeal from the order denying motion for a new trial is dismissed.